**HOBBIE, CORRIGAN & DECARLO, P.C.**
125 Wyckoff Road
Eatontown, New Jersey 07724
(732) 380-1515
Attorneys for Plaintiffs
David P. Corrigan, Esq. (ID No: 029041982)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RUFUS SQUAREWELL,<br><br>               Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE; THE UNITED STATES OF AMERICA; HERMAN BARON, AMAZON; AMAZON.COM, INC.; AMAZON SERVICES, LLC; JOHN DOE EMPLOYERS / SUPERVISORS 1-10 (fictitious defendants), ABC CORPORATION(S) 1-10 (fictitious defendants);<br><br>               Defendants. | **Civil Action**<br><br>Case No.:_____<br><br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff, Rufus Squarewell, residing at 1516 Bangs Avenue, Asbury Park, County of Monmouth, State of New Jersey, by way of Complaint against the Defendants, states:

## JURISDICTION AND VENUE

1. This personal injury action includes the United States, United States Post Office, and a government employee acting within the scope of his employment as Defendants, conferring exclusive jurisdiction upon the United States District Court pursuant to 28 U.S.C. § 1346(b)(1).

2. All parties (including the Defendants) are domiciled and/or conduct substantial, continuous business in the State of New Jersey. Moreover, the subject crash occurred in the State of New Jersey, rendering the District of New Jersey an appropriate venue pursuant to 28 U.S.C. § 1391.

3. Pursuant to 28 U.S.C. § 2675, Plaintiff served a Notice of Claim upon Defendant the United States Post Office (an agency of Defendant the United States of America) which was received by Defendant United States Post Office on November 9, 2017. As of the passage of six months, Defendants United States Post Office and the United States of America failed to make a final disposition of Plaintiff's claim. Accordingly, Plaintiff is permitted to file the instant lawsuit against Defendants the United States Post Office and the United States of America.

## FIRST COUNT

1. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint and incorporate same by reference, as though more fully set forth at length herein.

2. On October 29, 2017, Plaintiff, Rufus Squarewell was a passenger in a motor vehicle which was traveling westbound on Asbury Avenue at or near its intersection with Whitesville Raod, in the Township of Neptune, County of Monmouth, and State of New Jersey.

3. On or about October 29, 2017, Defendant, The United States Postal Service, a governmental entity organized and existing under Defendant The United States of America and doing business in the Township of Neptune, County of Monmouth and State of New Jersey and was the employer, principal or master of Defendant Herman

Baron and was the owner of the postal vehicle which was operated by its employee, agent, representative, Defendant Herman Baron, who negligently, carelessly and recklessly crashed into the vehicle in which the Plaintiff, Rufus Squarewell, was a passenger.

4. On October 29, 2017, and at all times pertinent hereto, Defendants, The United States of America and The United States Postal Service, through their principals, administrators, agents, employees, servants and/or representatives, had a duty to ensure/guarantee that the operators of their postal vehicle would operate said vehicle in a safe and prudent manner so as to avoid an unreasonable risk of injury to others, and specifically to Plaintiff, Rufus Squarewell.

5. On October 29, 2017, and at all times pertinent hereto, Defendants, The United States of America and The United States Postal Service, through its principals, administrators, agents, employees, servants and/or representatives, negligently, carelessly and recklessly breached their duties as aforesaid in that they, inter alia:

A. Engaged in negligent, careless and reckless hiring practices of the drivers of the postal vehicle (namely, Defendant, Herman Baron);

B. Failed to conduct proper background checks of the driver of the postal vehicle (namely, Defendant, Herman Baron);

C. Failed to properly train and/or supervise the driver of the postal vehicle (namely, Defendant, Herman Baron);

D. Used inexperienced, lower paid employees, untrained/ under-trained, and/or incompetent drivers to carry out Sunday deliveries in furtherance of certain delivery guarantees with companies such as Amazon;

E. Failed to assign the driver of the postal vehicle a schedule/amount of work that could be completed in a reasonably safe manner given the time constraints involved;

F. Imposed work/delivery requirements that required, authorized, allowed, encouraged, and/or permitted the driver of the postal vehicle to rush and/or drive in an unsafe, dangerous, hazardous, careless, inattentive, negligent and/or reckless manner in order to meet delivery deadlines of clients, such as Amazon;

G. Authorized, allowed, encouraged and/or permitted unsafe, inattentive, careless, negligent and reckless driving by the driver of the postal vehicle in order to comply with certain delivery guarantees, placing a premium on speed and increased profits at the expense of public safety;

H. Placed enormous pressure, both explicitly and implicitly, on the "City Carrier Assistants" and other employees/agents who deliver packages on Sundays to do so quickly and on-time at all costs, thereby requiring, authorizing, incentivizing and knowingly allowing Defendants' employees/agents to drive in a careless, negligent and reckless manner, sacrificing safety in the interest of speed and profit;

I. Overburdened the driver of the postal vehicle with a schedule for deliveries that could not be accomplished if said driver operated the postal vehicle with due care and circumspection;

J. Failed to promulgate and/or enforce policies that would prohibit the unlawful, hazardous and dangerous practice of Distracted Driving through the use of, among other things: cell phone communications, hand held electronic devices, and/or GPS devices while driving and/or the utilization of a mobile dispatching device while

    driving and/or reading text from the screen of a cell phone/mobile electronic device while driving;

K. Failed to utilize simple, industry-standard software that would prevent the driver of the postal vehicle from making/receiving cell phone calls, operating a mobile dispatch unit, and activating or reading from a portable and/or handheld electronic device while a vehicle was in motion; and/or

L. Otherwise negligently and/or recklessly entrusted the postal vehicle to Defendant, Herman Baron, who Defendants knew or should have known, would discharge his duties and/or responsibilities of a driver in a negligent, careless and reckless manner.

6. As a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, The United States of America and The United States Postal Service, as aforesaid, Plaintiff, Rufus Squarewell, was caused to sustain severe, permanent, disfiguring physical injuries, as well as emotional anxiety, anguish and torment, has been and will in the future be prevented from engaging in his usual pursuits and occupations, has been and will in the future be caused to expend great sums of money in an effort to seek a cure for his injuries, and has been and will in the future be caused to sustain a loss of enjoyment of life, and Defendants, The United States of America and The United States Postal Service, through their principals, administrators, agents, representatives, servants and/or employees, are directly liable for Plaintiff's injuries.

7. In addition to and independent of the direct liability of Defendants The United States Postal Service and The United States of America for Plaintiff's injuries as aforestated, said Defendants are also vicariously liable for said injuries.

**WHEREFORE**, Plaintiff, Rufus Squarewell hereby demands judgment against Defendants, The United States of America and The United States Postal Service, their principals, administrators, agents, representatives, servants and/or employees, jointly and severally, for compensatory damages, together with interest, costs of suit and such other relief as the Court may deem just and equitable.

## SECOND COUNT

1. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint and incorporate same by reference, as though more fully set forth at length herein.

2. On October 29, 2017, and at all times pertinent hereto, Defendant, Herman Baron, with an address of 47 Cornell Drive, Hazlet, New Jersey, was a City Carrier Assistant and/or an employee and/or agent and/or representative of Defendants The United States of America and/or The United States Postal Service and was the permitted user/operator of the postal vehicle owned by Defendant(s), The United States of America and/or The United States Postal Service (which was being operated in furtherance of the business of the United States Postal Service, and/or other third parties herein named pursuant to an agreement between the United States Postal Service and such third parties), who negligently, carelessly and recklessly caused a collision involving the vehicle in which Plaintiff, Rufus Squarewell, was a passenger.

3. On October 29, 2017, and at all times pertinent hereto, Defendant, Herman Baron, had a duty to operate the postal vehicle in a safe and prudent manner, so as not to create an unreasonable risk of injury to others.

4. On October 29, 2017, and at all times pertinent hereto, Defendant, Herman Baron, breached his duty as aforesaid, in that he operated the postal vehicle in a negligent, careless and

reckless manner, failed to maintain control of the postal vehicle, failed to make proper observations, failed to take evasive action, traveled at a speed in excess of the posted speed limit, traveled at a speed in excess of that appropriate for the conditions then existing, failed to stop his vehicle in time, so as to not collide into the vehicle which Plaintiff occupied, and otherwise violated the laws of general negligence and the laws of the State of New Jersey governing the safe operation of motor vehicles.

5. As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Herman Baron, as aforesaid, Plaintiff, Rufus Squarewell, was caused to sustain severe, disfiguring and permanent physical injuries, as well as emotional anxiety, anguish and torment, has been and will in the future be prevented from engaging in his usual pursuits and occupations, has been and will in the future be caused to expend great sums of money in an effort to seek a cure for his injuries, and has been and will in the future be caused to sustain a loss of enjoyment of life.

**WHEREFORE,** Plaintiff, Rufus Squarewell, demands judgment against Defendant, Herman Baron, jointly and severally, for compensatory damages, together with interest, costs of suit, attorneys' fees and such other relief as the Court may deem just and equitable.

### THIRD COUNT

1. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint and incorporate same by reference, as though more fully set forth at length herein.

2. On or about October 29, 2017, and at all times relevant hereto, Amazon, Amazon.com, Inc., and Amazon Services, LLC (hereinafter "the Amazon Defendants") were e-

commerce business entities organized and existing under and/or doing business in the State of New Jersey with a principal place of business of Seattle, Washington.

3. On or about October 29, 2017, and at all times relevant hereto, the Amazon Defendants utilized the United States Post Office and/or the United States of America as an extension of the Amazon Defendants, on behalf of the Amazon Defendants, and in furtherance of the Amazon Defendants' business interests and the delivery guarantees the Amazon Defendants made to its customers.

4. On or about October 29, 2017, and at all times relevant hereto, Defendant Herman Baron was also acting as employee/ borrowed employee/special employee/agent/servant/ and/or subcontractor of the Amazon Defendants and was engaged in the business of the Amazon Defendants pursuant to a Negotiated Services Agreement ("NSA"), or other similar agreement between the Amazon Defendants and Defendants the United States Post Office and/or The United States of America, when Defendant Herman Baron suddenly and without warning crashed into the vehicle in which the Plaintiff, Rufus Squarewell, was a passenger.

5. On or about October 29, 2017, and at all times relevant hereto, Defendant Herman Baron was operating a postal vehicle within the scope of his employment with Defendant The United States Postal Service and was also acting as an employee/borrowed employee/special employee/agent/servant/ and/or subcontractor of the Amazon Defendants, and was engaged in the business of Amazon pursuant to the NSA agreement between the Amazon Defendants and Defendants the United States Post Office and/or the United States of America, when he suddenly and without warning caused a collision with the vehicle in which Plaintiff, Rufus Squarewell, was a passenger.

6. On October 29, 2017, and at all times pertinent hereto, the Amazon Defendants, through their principals, administrators, agents, employees, servants and/or representatives, had a duty to ensure/guarantee that their employees/borrowed employees/special employees/agents/servants/ and/or subcontractors would operate the vehicles utilized to effectuate its deliveries in a safe and prudent manner so as to avoid an unreasonable risk of injury to others, and specifically, to Plaintiff, Rufus Squarewell.

7. Furthermore, on October 29, 2017, the Amazon Defendants required, authorized, allowed, permitted, promoted or encouraged a policy or business practice where packages were being delivered on the Amazon Defendants' behalf by drivers/City Carrier Assistants employed by Defendant the United States Postal Service who operated their vehicles in an unsafe, hazardous, inattentive, rushed, negligent, careless, and reckless manner in order to meet schedules, delivery demands, and to satisfy the Amazon Defendants' delivery guarantees.

8. On October 29, 2017, and at all times pertinent hereto, the Amazon Defendants, through their principals, administrators, agents, employees, servants and/or representatives, negligently, carelessly and recklessly breached their duties as aforesaid in that they, inter alia:

A. Engaged in, authorized, permitted, and/or allowed the negligent, careless and reckless hiring practices of the driver of the postal vehicle (namely, Defendant, Herman Baron);

B. Failed to conduct or to ensure or require the conducting of proper background checks of the driver of the postal vehicle (namely, Defendant, Herman Baron);

C. Failed to properly train and/or supervise the driver of the postal vehicle (namely, Defendant, Herman Baron) or to ensure or require the conducting of said training;

D. Hired, or permitted, authorized and/or allowed an inexperienced, untrained, under-trained, and/or incompetent driver to carry out Sunday deliveries on behalf of the Amazon Defendants and in furtherance of the Amazon Defendants' delivery guarantees;

E. Required, authorized, encouraged, permitted, and/or allowed the driver of the postal vehicle to be assigned a schedule/amount of work that could be completed in a reasonably safe manner given the time constraints involved, in furtherance of the Amazon Defendants' delivery guarantees;

F. Required, authorized, encouraged, permitted and/or allowed the setting of work/delivery requirements that required, authorized, encouraged, permitted and/or allowed the driver of the postal vehicle to rush and/or drive in an unsafe, dangerous, hazardous, careless, inattentive, negligent and/or reckless manner in order to meet the Amazon Defendants' delivery deadlines;

G. Required, authorized, allowed, encouraged and/or permitted unsafe, inattentive, careless, negligent and reckless driving by the driver of the postal vehicle in order to comply with the Amazon Defendants' delivery guarantees, placing a premium on speed and increased profits at the expense of public safety;

H. Placed enormous pressure, both explicitly and implicitly, on the "City Carrier Assistants" and other employees/agents who deliver Amazon packages on Sundays to do so quickly and on-time at all costs, thereby requiring, authorizing, incentivizing and knowingly allowing Defendants' employees/agents to drive in a careless, negligent and reckless manner, sacrificing safety in the interest of speed and profit;

I. Overburdened the driver of the postal vehicle with a schedule for deliveries that could not be accomplished if said driver operated the postal vehicle with due care and circumspection;

J. Failed to promulgate and/or enforce policies that would prohibit the unlawful, hazardous and dangerous practice of Distracted Driving through the use of, among other things: cell phone communications, hand held electronic devices, and/or GPS devices while driving and/or the utilization of a mobile dispatching device while driving and/or reading text from the screen of a cell phone/mobile electronic device while driving;

K. Failed to utilize simple, industry-standard software that would prevent the driver of the postal vehicle from making/receiving cell phone calls, operating a mobile dispatch unit, and activating or reading from a portable and/or handheld electronic device while a vehicle was in motion; and/or

L. Otherwise negligently and/or recklessly entrusted the postal vehicle to Defendant, Herman Baron, who Defendants knew or should have known, would discharge his duties and/or responsibilities of a driver in a negligent, careless and reckless manner.

9. As a direct and proximate result of the negligence, carelessness and recklessness of the Amazon Defendants, as aforesaid, Plaintiff, Rufus Squarewell, was caused to sustain severe, disfiguring and permanent physical injuries, as well as emotional anxiety, anguish and torment, has been and will in the future be prevented from engaging in his usual pursuits and occupations, has been and will in the future be caused to expend great sums of money in an effort to seek a cure for his injuries, and has been and will in the future be caused to sustain a loss of enjoyment of life, and the

Amazon Defendants, through their principals, administrators, agents, representatives, servants and/or employees, are directly liable for Plaintiff's injuries.

10. In addition to and independent from the Amazon Defendants' direct liability for Plaintiff's injuries, the Amazon Defendants are also vicariously liable for Plaintiff's injuries.

**WHEREFORE**, Plaintiff, Rufus Squarewell, hereby demands judgment against Defendant Amazon, Defendant Amazon.com, Inc., and Defendant Amazon Services, LLC, their principals, administrators, agents, representatives, servants and/or employees, jointly and severally, for compensatory damages, together with interest, costs of suit and such other relief as the Court may deem just and equitable.

### FOURTH COUNT

1. Plaintiffs repeat and reallege each and every allegation in the preceding counts of this Complaint and incorporate same by reference, as though more fully set forth at length herein.

2. On or about October 29, 2017, Defendant John Doe Employers / Supervisors / Trainers / Instructors 1-10 (Fictitious Defendants), through its principals, administrators, agents, employees and/or representatives, was the employer, principal or master of Defendant, Herman Baron.

3. At all times relevant hereto, Defendant John Doe Employers / Supervisors / Trainers / Instructors 1-10 (Fictitious Defendants), engaged in negligent hiring, training, management and supervision of persons who it knew or should have known would operate the postal vehicle in a negligent, careless and reckless manner while acting within the scope of their employment.

4. As a result of the aforesaid conduct of Defendant John Doe Employers / Supervisors / Trainers / Instructors 1-10 (Fictitious Defendants), Defendant, Herman Baron caused a collision while operating their postal vehicle within the scope of his employment. As a result, Plaintiff, Rufus Squarewell, was caused to sustain severe and permanent injuries as aforestated.

5. As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant John Doe Employers / Supervisors / Trainers / Instructors 1-10 (Fictitious Defendants), as aforesaid, said Defendant is both primarily and vicariously liable for Plaintiff's injuries.

**WHEREFORE**, Plaintiff, Rufus Squarewell hereby demands judgment in his favor, for damages, jointly and severally, together with interest, costs of suit and such other relief as the Court may deem just and equitable.

## FIFTH COUNT

1. Plaintiff repeats and realleges each and every allegation in the preceding count of this Complaint and incorporate same by reference, as though more fully set forth at length herein.

2. On or about October 29, 2017, Defendant DEF Corporation(s) 1-10 (fictitious defendants) was/were a business entity organized and existing under and/or doing business in the State of New Jersey, including but not limited to Ocean County.

3. On or about October 29, 2017 Defendant(s) The United States of America and/or The United States Postal Service had a business contract and/or agreement with DEF Corporation(s) 1-10 (fictitious defendants).

4. Specifically, on or about October 29, 2017, Defendant Herman Baron was operating a postal vehicle within the scope of his employment with Defendant The United States Postal Service and was also acting as an employee/borrowed employee/special

13

employee/agent/servant/ and/or subcontractor with DEF Corporation(s) 1-10 (fictitious defendants), and was engaged in the business of DEF Corporation(s) 1-10 (fictitious defendants) pursuant to a contract/agreement, when he suddenly and without warning crashed into the rear of the vehicle in which Plaintiff, Rufus Squarewell, was a passenger.

5. On October 29, 2017, and at all times pertinent hereto, Defendant DEF Corporation(s) 1-10 (fictitious defendants), through their principals, administrators, agents, employees, servants and/or representatives, had a duty to ensure/guarantee that their employees/borrowed employees/special employees/agents/servants/ and/or subcontractors would perform work in a safe and prudent manner so as to avoid an unreasonable risk of injury to others, and specifically, to Plaintiff, Rufus Squarewell.

6. Furthermore, on October 29, 2017, Defendant DEF Corporation(s) 1-10 (fictitious defendants) had a duty not to require, authorize, allow, permit, promote or encourage a policy or practice where packages were being delivered on the Defendant DEF Corporation(s) 1-10 (fictitious defendants)'s behalf by Defendant the United States Postal Service by drivers operating their vehicles in an unsafe, hazardous, inattentive, rushed, negligent, careless, and reckless manner in order to meet schedules, delivery demands, and to satisfy the Defendant DEF Corporation(s) 1-10 (fictitious defendants)'s delivery guarantees.

7. On October 29, 2017, and at all times pertinent hereto, Defendant DEF Corporation(s) 1-10 (fictitious defendants), through their principals, administrators, agents, employees, servants and/or representatives, negligently, carelessly and recklessly breached their duties as aforesaid in that they, inter alia:

A. Engaged in, authorized, permitted, and/or allowed the negligent, careless and reckless hiring practices of the driver of the postal vehicle (namely, Defendant, Herman Baron);

B. Failed to conduct or to ensure or require the conducting of proper background checks of the driver of the postal vehicle (namely, Defendant, Herman Baron);

C. Failed to properly train and/or supervise the driver of the postal vehicle (namely, Defendant, Herman Baron) or to ensure or require the conducting of said training;

D. Hired, or permitted, authorized and/or allowed an inexperienced, untrained, under-trained, and/or incompetent driver to carry out Sunday deliveries on behalf of the Amazon Defendants and in furtherance of the Defendant DEF Corporation(s) 1-10 (fictitious defendants)'s delivery guarantees;

E. Required, authorized, encouraged, permitted, and/or allowed the driver of the postal vehicle to be assigned a schedule/amount of work that could be completed in a reasonably safe manner given the time constraints involved, in furtherance of Defendant DEF Corporation(s) 1-10 (fictitious defendants)'s delivery guarantees;

F. Required, authorized, encouraged, permitted and/or allowed the setting of work/delivery requirements that required, authorized, encouraged, permitted and/or allowed the driver of the postal vehicle to rush and/or drive in an unsafe, dangerous, hazardous, careless, inattentive, negligent and/or reckless manner in order to meet Defendant DEF Corporation(s) 1-10 (fictitious defendants)'s delivery deadlines;

G. Required, authorized, allowed, encouraged and/or permitted unsafe, inattentive, careless, negligent and reckless driving by the driver of the postal vehicle in order to comply with Defendant DEF Corporation(s) 1-10 (fictitious defendants)'s delivery

guarantees, placing a premium on speed and increased profits at the expense of public safety;

H. Placed enormous pressure, both explicitly and implicitly, on the "City Carrier Assistants" and other employees/agents who deliver Amazon packages on Sundays to do so quickly and on-time at all costs, thereby requiring, authorizing, incentivizing and knowingly allowing Defendants' employees/agents to drive in a careless, negligent and reckless manner, sacrificing safety in the interest of speed and profit;

I. Overburdened the driver of the postal vehicle with a schedule for deliveries that could not be accomplished if said driver operated the postal vehicle with due care and circumspection;

J. Failed to promulgate and/or enforce policies that would prohibit the unlawful, hazardous and dangerous practice of Distracted Driving through the use of, among other things: cell phone communications, hand held electronic devices, and/or GPS devices while driving and/or the utilization of a mobile dispatching device while driving and/or reading text from the screen of a cell phone/mobile electronic device while driving;

K. Failed to utilize simple, industry-standard software that would prevent the driver of the postal vehicle from making/receiving cell phone calls, operating a mobile dispatch unit, and activating or reading from a portable and/or handheld electronic device while a vehicle was in motion; and/or

L. Otherwise negligently and/or recklessly entrusted the postal vehicle to Defendant, Herman Baron, who Defendants knew or should have known, would discharge his duties and/or responsibilities of a driver in a negligent, careless and reckless manner.

8. As a direct and proximate result of the negligence, carelessness and recklessness of Defendant DEF Corporation(s) 1-10 (fictitious defendants), as aforesaid, Plaintiff, Christian Fuggi, was caused to sustain severe, disfiguring and permanent physical injuries, as well as emotional anxiety, anguish and torment, has been and will in the future be prevented from engaging in his usual pursuits and occupations, has been and will in the future be caused to expend great sums of money in an effort to seek a cure for his injuries, and has been and will in the future be caused to sustain a loss of enjoyment of life, and Defendant DEF Corporation(s) 1-10 (fictitious defendants), through their principals, administrators, agents, representatives, servants and/or employees, are directly liable for Plaintiff's injuries.

9. In addition to and independent from Defendant DEF Corporation(s) 1-10 (fictitious defendants)'s direct liability for Plaintiff's injuries, Defendant DEF Corporation(s) 1-10 (fictitious defendants) are also vicariously liable for Plaintiff's injuries.

**WHEREFORE**, Plaintiff, Rufus Squarewell, hereby demands judgment against Defendant DEF Corporation(s) 1-10 (fictitious defendants), their principals, administrators, agents, representatives, servants and/or employees, jointly and severally, for compensatory damages, together with interest, costs of suit and such other relief as the Court may deem just and equitable.

HOBBIE, CORRIGAN & DECARLO, P.C.
Attorneys for Plaintiffs

BY _____
DAVID P. CORRIGAN, ESQ.

DATED: 5/6/19

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby demands a trial by jury as to all issues raised in the within pleading.

HOBBIE, CORRIGAN & DECARLO, P.C.<br>
Attorneys for Plaintiffs

DATED: 5/6/19

BY: _David P. Corrigan_
DAVID P. CORRIGAN, ESQ.

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that:

1. The within matter is not the subject of any other proceeding or arbitration;

2. No other proceeding or arbitration is contemplated herein;

3. All parties presently known to Plaintiff have been identified herein.

HOBBIE, CORRIGAN & DECARLO, P.C.
Attorneys for Plaintiffs

BY: _David P. Corrigan_
DAVID P. CORRIGAN, ESQ.

DATED: 5/6/19